# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD WISHOM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:07CV400 ERW/FRB |
| ) | |
| AL LUEBBERS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the undersigned recommends that the petition be dismissed.

### Background

Petitioner was convicted of second degree murder and armed criminal action in the Circuit Court for the City of St. Louis, Missouri. Wishom v. Dormire, 4:97CV554 ERW (E.D. Mo). Petitioner is serving consecutive prison sentences of life and ten years. Id.

Petitioner previously sought state and federal habeas relief challenging the conviction. Id. Petitioner's federal habeas petition was denied on the merits on January 19, 2000. Id. The United States Court of Appeals for the Eighth Circuit denied petitioner's application for a certificate of appealability on November 20, 2000.

On February 7, 2006, petitioner filed a renewed motion for post-conviction relief in state court, alleging that his counsel "abandoned" him during his previous state post-conviction relief proceedings.[1] The Circuit Court denied petitioner's petition on the merits. Plaintiff attempted to appeal but did not follow the appellate court's procedural rules; the appeal was dismissed for failure to prosecute on September 14, 2006.

Petitioner filed the instant petition on February 28, 2007. Petitioner raises two grounds in the petition: (1) that the Missouri Court of Appeals committed a constitutional violation when a clerk refused to certify the legal file and the appeal was subsequently dismissed for failure to prosecute, and (2) that the 2006 post-conviction relief court committed a constitutional violation when it found that the claims were for ineffective assistance of counsel and not "abandonment" of counsel.

---

[1] In Missouri, a petitioner may bring a claim that he was "abandoned" by counsel during post-conviction relief proceedings several years after the initial post-conviction relief proceedings were terminated. E.g., Daugherty v. State, 116 S.W.3d 616, 617-19 (Mo. Ct. App. 2003) (post-conviction relief proceedings reopened twelve years after initial proceedings terminated.

## Discussion

1. <u>The Petition Must Be Dismissed as Successive</u>

Title 28 U.S.C. § 2244(b)(2) allows federal habeas petitioners who are attempting to bring new claims to file second or successive habeas petitions under certain circumstances. However, § 2244(b)(3) imposes strict procedural requirements upon such petitioners:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

The instant petition is second or successive within the meaning of § 2254(b)(2). However, petitioner has made no showing that he has followed the procedural

requirements in § 2254(b)(3). As a result, the Court is required to dismiss the petition. 28 U.S.C. § 2254(b)(4).

2. <u>The Petition is Time-Barred</u>

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's judgment became final several years before he filed the instant petition. See Wishom, 4:97CV554 ERW. And petitioner has failed to demonstrate that any of the exceptions to the one-year period of limitations apply to the instant petition. As a result, the petition must be dismissed as time-barred.

3.  <u>Petitioner's Grounds for Relief are Not Cognizable</u>

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. <u>E.g.</u> <u>Gee v. Groose</u>, 110 F.3d 1346, 1351-52 (8th Cir. 1997).

Petitioner's first ground, that the appellate court improperly dismissed his appeal for failure to prosecute, fails because "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." <u>Gee</u>, 110 F.3d at 1351-52 (citation and quotation omitted).

Petitioner's second ground, that the Circuit Court erred when it found that petitioner had failed to show that his post-conviction relief counsel "abandoned" him, fails because there is no constitutional right to an attorney in state post-conviction proceedings. <u>E.g.</u>, <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555-59 (1987). Additionally, § 2254(i) specifically prohibits federal habeas relief predicated on ineffective assistance of counsel during state post-conviction proceedings. As a result, this ground is not cognizable in these proceedings.

## Conclusion

For these reasons, the undersigned recommends that the petition be dismissed without further proceedings. Additionally, the undersigned recommends that no certificate of appealability issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS HEREBY RECOMMENDED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue. 28 U.S.C. § 2253.

The parties are advised that they have until **March 18, 2008**, to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 7th day of March, 2008.

_/s/ Frederick R. Buckles_
FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE