UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD WISHOM,            )
                           )
    Petitioner,            )
                           )
vs.                        )   Case No. 4:07CV00400 ERW
                           )
AL LUEBBERS,               )
                           )
    Respondent.            )

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Frederick R. Buckles [doc. #8] pursuant to 28 U.S.C. § 636(b). Petitioner filed Objections to the Magistrate's Report and Recommendation [doc. #10]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (*citing* 28 U.S.C. § 636 (b)(1)).

### I. BACKGROUND

Petitioner was convicted of second degree murder and armed criminal action in the Circuit Court for the City of St. Louis, Missouri, and is serving consecutive prison sentences of life and ten years. Petitioner previously sought state and federal habeas relief challenging the conviction. *See State v. Wishom*, 833 S.W.2d 894 (Mo. Ct. App. 1992). Petitioner's federal habeas petition was denied on the merits on January 19, 2000. *See Wishom v. Dormire*, 4:97CV00554 ERW (E.D. Mo.). The United States Court of Appeals for the Eighth Circuit denied Petitioner's application for a certificate of appealability on November 20, 2000. *Id.*

On February 7, 2006, Petitioner filed a renewed motion for post-conviction relief in state court, alleging that his counsel "abandoned" him during his previous state post-conviction relief

proceedings. The Circuit Court denied petitioner's petition on the merits. Petitioner attempted to appeal but he did not follow the appellate court's procedural rules and the appeal was dismissed for failure to prosecute on September 14, 2006. On February 28, 2007, Petitioner filed the present action.

## II. DISCUSSION

The Court will separately consider whether the Petition is successive, whether it is time-barred, and whether the grounds for relief Petitioner raises are cognizable.

### A. THE PETITION IS SUCCESSIVE

Petitioner's claim for habeas relief must be denied as his Petition is successive. "After a state prisoner's first federal habeas petition has been decided, federal courts generally cannot consider the merits of claims raised in the prisoner's later federal habeas petitions." *Cochrell v. Purkett*, 113 F.3d 124, 126 (8th Cir. 1997). These claims are viewed "as successive or abusive." *Id.* Under 28 U.S.C. § 2244(b)(1), claims "presented in a second or successive habeas corpus application . . . must be dismissed." *Tyler v. Purkett*, 413 F.3d 696, 705 (8th Cir. 2005).

A successive claim is a claim that "raises a ground heard and decided on the merits in a previous petition, whereas an abusive petition raises new claims that were available but were not relied upon in a prior petition." *Cochrell*, 113 F.3d at 126 (*citing Schlup v. Delo*, 513 U.S. 298, 318 n.34 (1995)). Petitioner previously sought habeas relief, and that petition was denied on the merits on January 19, 2000. Now Petitioner attacks the same conviction that was challenged in his prior petition. The claims he raises in this action are all claims that were either raised in his previous action and were decided on the merits, or they are claims that were available to Petitioner, but that he originally failed to raise. As a result, the instant petition is a second, or successive, petition for purposes of 28 U.S.C. § 2244(b)(1). Second or successive petitions are generally barred by 28 U.S.C. § 2244(b)(2). Exceptions to this ban are available to Petitioners

who file a motion "in the appropriate court of appeals for an order authorizing the district court to consider the application," as long as the court of appeals authorizes the successive petition. 28 U.S.C. § 2244(b)(3). Petitioner did not file any such motion, and has not received the necessary authorization from the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3). Petitioner has not satisfied the requirements enumerated in 28 U.S.C. § 2244(b)(3), and the Court must dismiss his Petition.

### B. THE PETITION IS TIME-BARRED

The Court additionally finds that this Petition must be dismissed because it is time-barred. 28 U.S.C. § 2244(d)(1) establishes a one-year statute of limitations for the filing of a writ of habeas corpus by a person in state custody. *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). The statute of limitations should begin "the day after the direct-appeal mandate issued, [and courts must toll] it while the state post-conviction proceedings [are] pending, and . . . not allow the 90-day period for filing for certiorari." *Riddle v. Kemna*, 523 F.3d 850, 856 (8th Cir. 2008). Upon applying this standard to this Petition, it becomes clear that Petitioner's claims are time-barred. Petitioner's consolidated direct and post-conviction appeals were denied on September 9, 1992, and he filed federal habeas corpus appeals in 1993 and 1997. Petitioner's judgment became final and the one year statute of limitations expired several years before he filed the pending action on February 28, 2007.

While equitable tolling may salvage an untimely petition, it is "an exceedingly narrow window of relief." *Riddle*, 523 F.3d at 857 (8th Cir. 2008) (*quoting Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). Petitioner has failed to demonstrate that "'extraordinary circumstances beyond [his] control' made it impossible for [Petitioner] to file [his] petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (*quoting Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)). Equitable tolling will not work to save this Petition, and

3

Petitioner's claims are time-barred.

## III. GROUNDS FOR RELIEF ARE NOT COGNIZABLE

As this petition is both successive and time-barred, this Petition is procedurally defaulted, and the Court need not consider the individual grounds Petitioner raises. However, the Court additionally finds that Petitioner's claims for relief are not cognizable, and will specifically discuss two of Petitioner's claims: (1) that the appellate court improperly dismissed his appeal for failure to prosecute, and (2) that the Circuit Court erred when it found that Petitioner failed to show that his post-conviction relief counsel abandoned him.

The only claims that are cognizable in a federal habeas petition are those that assert a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a result, the Court's review "is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Middleton v. Roper*, 455 F.3d 838, 852 (8th Cir. 2006) (*quoting Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In Petitioner's first claim for relief, he asserts that the appellate court improperly dismissed his appeal for failure to prosecute. This claim is not cognizable "[b]ecause the Constitution does not guarantee the existence of a state post-conviction proceedings . . . 'an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas" action. *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) (*quoting Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990)). Petitioner's first claim for relief involves an error that was allegedly made in a state post-conviction proceeding. Errors of this type are not cognizable in an action under Section 2254, and this claim must fail.

Petitioner's second ground for relief states that the Circuit Court erred when it found that Petitioner failed to show that his post-conviction relief counsel abandoned him. This ground is not cognizable because "[t]here is no federal constitutional right to post-conviction counsel . . .

4

[and as a result,] ineffective assistance of post-conviction counsel is not a ground for federal habeas relief." *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005) (*citing Coleman v. Thompson*, 501 U.S. 722, 752 (1991); 28 U.S.C. § 2254(i)). Regardless of whether Petitioner's post-conviction relief counsel abandoned him,[1] this claim is simply not cognizable under Section 2254, and Petitioner's claim for relief fails. Not only are Petitioner's claims successive and time-barred, but additionally, his claims are not cognizable.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability may only be issued when "the applicant has made a substantial showing of the denial of a constitutional right." *See Slack v. McDaniel*, 529 U.S. 473, 473 (2000); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Petitioner has made no such showing. Furthermore, the Court does not believe that reasonable jurists might find the Court's decision debatable or wrong, for purposes of issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A). *Slack*, 529 U.S. at 483-84. Therefore, the Court shall not issue a certificate of appealability as to any claim raised in the Petition.

## V. CONCLUSION

The Court has reviewed those portions of the Magistrate Judge's findings to which the Petitioner filed objections, and concludes that Plaintiff's objections are without merit. The state court did not violate the treaties, laws, or Constitution of the United States, and therefore habeas relief is not warranted in this case. The Court hereby sustains, adopts, and incorporates herein the Magistrate's Report and Recommendation, as supplemented by this Court's independent analysis.

---

[1] Petitioner asserts that his claim is for abandonment of counsel rather than the ineffective assistance of counsel, and that this ban should not apply. This argument fails as the abandonment of counsel is a subset of ineffective assistance of counsel. *See Mack v. Caspari*, 92 F.3d 637, 640 (8th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Richard Wishom's § 2254 Petition [doc. #1] is **DENIED**.

Dated this <u>1st</u> Day of <u>July</u>, 2008.

*/s/ E. Richard Webber*
_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE
